IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID I. WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 14-218-GMS |
| ) | |
| PHIL MORGAN, Wareden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

### I. INTRODUCTION

Presently before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner David I. Walker. (D. I. 1) For the reasons set forth below, the court will summarily dismiss the petition as moot.

### II. BACKGROUND

As set forth in his petition, Walker was found to have violated his probation in June 2012. (D.I. 1) Effective June 18, 2012, Walker was sentenced to two sentences. His first sentence was for three years and six months at Level V, suspended after nine months with no probation to follow. His second sentence was for three years at Level V, suspended after nine months. According to the Offender Status Sheet, the two nine month periods of actual incarceration were to be served consecutively. (D.I. 1 at 8)

Walker filed the instant § 2254 petition in February 2014. (D.I. 1) In the petition, Walker asserts that he has been held past his release date of December 29, 2013 and asks the

court to order his immediate release. *Id.*

## III. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *Kissinger*, 309 F.3d at 180.

## IV. DISCUSSION

In his petition, Walker does not challenge the legality of his conviction. Rather, he contends that the Delaware Department of Corrections has incorrectly interpreted his sentences

2

and, therefore, has improperly held him past his release date of December 29, 2013. As explained in the court's order dated April 4, 2014 (D.I. 4.), it appears that Walker was released from custody sometime after February 20, 2014. Considering that Walker appears to have obtained his requested relief, the court ordered Walker to show cause in writing by May 5, 2014 why the petition should not be dismissed as moot. The court explained that failure to file a timely response would result in the court's ruling on the petition as currently pending. *Id.* To date, Walker has not responded. Accordingly, the court will summarily the dismiss the petition as moot.

## V. CONCLUSION

For the aforementioned reasons, the court will summarily dismiss Walker's § 2254 petition as moot. The court will also decline to issue a certificate of appealability because Walker has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: Oct 9, 2014

UNITED STATES DISTRICT JUDGE

3